Filed 7/29/13  In re Alexander E. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ALEXANDER E., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047891 |
| v. | (Super. Ct. No. DL040281) |
| ALEXANDER E., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregory Jones, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

The juvenile court sustained allegations in a Welfare and Institutions Code section 602 petition that defendant Alexander E. (minor) committed second degree robbery (petition 7). (Pen. Code, §§ 211, 212.5, subd. (c).) The court declared the offense to be a felony and set the maximum term of confinement at five years. Minor then waived his constitutional rights and admitted the probation violations alleged in petition 6, and the assault with a deadly weapon charge (Pen. Code, § 245, subd. (a)(1)) alleged in petition 8. The court ordered minor continued as a ward of the court and committed him to juvenile hall for 180 days with credit for 50 days previously served.

Minor timely filed a notice of appeal, and we appointed counsel to represent him. Counsel did not argue against minor, but advised the court she was unable to find an issue to argue on minor's behalf. Minor was given 30 days to file written argument in his own behalf. That period has passed, and we have not received any communication from him. We have examined the entire record but have not found an arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436.) Accordingly, we affirm the judgment.

FACTS

We recite the facts in the light most favorable to the judgment. (*People v. Houston* (2012) 54 Cal.4th 1186, 1215.)

Late in the afternoon, after school, a group of five or six boys, including nine-year-old Andre, were gathered outside of the Boys and Girls Club in Anaheim. Some of the boys were wrestling on the grass. Minor, then 15-years-old, walked up in the company of a teenage girl and offered $5 to whoever knocked out another person. The boys responded by starting to kick and hit Andre. The younger boys ran off when adult staff came to intervene. But then minor kicked Andre, spit in his face, took Andre's shoe, and ran off. Andre had secreted $20 in the shoe.

2

A police officer responded to the scene and received information that caused him to contact minor about 30 minutes later. The officer read minor his *Miranda*[1] rights, and minor admitted taking the shoe.  The shoe and the money were never found.

DISCUSSION

To assist the court in its independent review of the record, minor's counsel has suggested we consider only one potentially arguable issue: to wit, whether the evidence was sufficient to support the finding that minor committed the robbery.  (*Anders v. California* (1967) 386 U.S. 738.)  We consider the issue and easily conclude the evidence was sufficient.  "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  (Pen. Code, § 211.)  Minor admitted taking the shoe.  Minor's use of force *and* fear to take personal property from Andre's person is readily apparent from minor's act of kicking Andre, spitting in his face, and pulling Andre's shoe off his foot.  The taking was also manifestly felonious; the act was done with the specific intent to permanently deprive Andre of his property.  Andre was permanently deprived of his money and his shoe.  The evidence does not permit any inference that minor intended ever to return Andre's property to him.  The only reasonable inference is to the contrary.

Our review of the entire record has not disclosed the existence of any arguable issue.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

3

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

FYBEL, J.

4